# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO
# CIVIL ACTION NO. 4:23-CV-111-JHM

**ELECTRONICALLY FILED**

| | |
|---|---|
| JAMES B. ROLLINS | PLAINTIFF |
| v. | **MOTION FOR LEAVE TO FILE UNDER SEAL** |
| ZACHARY BROOKS, et al. | DEFENDANTS |

Defendants, Zachary Brooks and Travis Pountious move pursuant to FED. R. CIV. P. 5.2(d) for leave to file handheld and institutional videos recorded on January 3, 2023, and showing the inside of an institution operated by the Kentucky Department of Corrections.

In the context of open records requests, the Kentucky Attorney General's Office ("OAG") has consistently affirmed the legitimacy of the Department's denial of video footage to inmates based on the security exemption granted to the Department by the Kentucky General Assembly and found in KRS 197.025(1).[1] For the same reasons espoused by the OAG, inmates have been consistently denied video

---

[1] *See*, *e.g.*, Ky. Att'y Gen. Op. 11-ORD-219; Ky. Att'y Gen. Op.11-ORD-184; Ky. Att'y Gen. Op. 96-ORD-209; and Ky. Att'y Gen. Op.02-ORD-225.

recorded within prisons by the courts of this and other Federal Circuits. *See Cooper v. Bower*, No. 5:15-CV-P249-TBR, 2017 WL 3388953 (W.D. Ky. Aug. 4, 2017), *Est. of Miller v. Michigan Dep't of Corr.*, No. 22-10934, 2022 WL 3153794 (E.D. Mich. Aug. 8, 2022), *Castillon v. Corr. Corp. Am.*, No. 1:12-cv-00559-EJL-CWD, 2015 WL 3948459 (D.C. Idaho June 29, 2015); and *Pugh v. Terhune*, No. CV F 01 5017 OWW LJO P, 2005 WL 3439007 (E.D. Cal. Oct. 6, 2005).

In *Cooper v. Bower*, the United States District Court for the Western District of Kentucky permitted defendants in a civil action to file institutional surveillance video from a Kentucky prison under seal. *Cooper* 2017 WL 3388953, at *1. The videos at issue in *Cooper* were exhibits to a motion for summary judgment and the movant asked that it be filed under seal to prevent the plaintiff (a *pro se* inmate) and the public from viewing the video. *Id.* The court found that,

> Although the Kentucky Open Records Act, related state laws, and opinions of the Kentucky Attorney General interpreting such are not controlling … they do offer helpful insight. For example, the Kentucky Attorney General has opined that the release of prison surveillance footage to the public could pose a threat to "the safety and security of the inmates, staff, and institution" because the footage may reveal the institution's "methods or practices in obtaining the video" and "show areas where the camera is capable of focusing and blind spots outside the camera's range."

*Id.* (quoting Kt. Att'y Gen. Op. 07-ORD168). The court in *Cooper* then noted that other federal district courts had reached the conclusion that videos captured in

prisons were properly sealed and to prevent their release to inmates and the general public. *Id.* (citing *Castillon v. Corr. Corp. Am.*, No. 1:12-cv-00559-EJL-CWD, 2015 WL 3948459 (D.C. Idaho June 29, 2015); *Pugh v. Terhune*, No. CV F 01 5017 OWW LJO P, 2005 WL 3439007 (E.D. Cal. Oct. 6, 2005).

Defendants have filed four handheld video recordings and one video captured by a fixed institutional camera with the court conventionally on a portable flash drive and request that these videos be filed under seal. [Ex. A, Videos (filed conventionally)] Defendants have no objections to Plaintiff seeing these **handheld** videos for purposes of this litigation, and indeed he watched them in their entirety on May 28, 2024. [*See* DN 39-1]. However, it is a risk to the safety and security of the Kentucky Department of Corrections' staff, inmates, and institutions to release video depicting the inside of one of its prisons and the procedures for responding to emergency situations to other inmates and the public.

Defendants do object to Plaintiff viewing the **institutional** video. That video is from a fixed camera, and reveals the institution's methods or practices in obtaining the video and shows areas where the camera is capable of focusing and blind spots outside the camera's range. Moreover, the institutional video adds little to the record, and only shows Plaintiff punches a corrections officer in the face. It is unlikely Defendants will even rely on this video in their case in chief, but whether they rely on the institutional video or not, it should not be revealed to the public or to Plaintiff.

Wherefore Defendants respectfully request that the handheld and institutional videos be filed under seal and further that Plaintiff not be permitted to view the **institutional** video included on the flash drive provided to the Court.

Respectfully submitted,

/s/ *Jonathan Gifford*
Jonathan Gifford (94514)
Staff Attorney
Justice & Public Safety Cabinet
125 Holmes St.
Frankfort, Kentucky 40601
Phone:       (502) 564-3005
Fax:  (502) 564-6686
E-Mail:  jonathan.gifford@ky.gov

## Certificate of Service

I hereby certify that on May 31, 2024, I electronically filed this document with the Court by using the CM/ECF system, which will send notice of electronic filing to:

James B. Rollins, #155587
Lee Adjustment Center
168 Lee Adjustment Center Drive
Beattyville, KY 41311

/s/ *Jonathan Gifford*
*Counsel for Defendants*