# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

JAMES B. ROLLINS                                                           PLAINTIFF

v.                                        CIVIL ACTION NO. 4:23-CV-P111-JHM

ZACHARY BROOKS *et al.*                                    DEFENDANTS

## ORDER

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. Upon initial review of this action, the Court allowed Eighth Amendment excessive-force claims to proceed against Defendants Zachary Brooks and Travis Pountious in their individual capacities. This matter is before the Court upon three motions filed by Plaintiff and one motion filed by Defendants (DNs 25, 35, 37, & 42).

### A. Motion for Order to Review "Handheld Footage" (DN 25)

In this motion, Plaintiff asks the Court to order officials at the institution where he is now incarcerated to allow him to view the handheld security footage relevant to this action. In response, Defendants state that once they were notified that Plaintiff was unable to view the video on the flash drive they re-sent the video to him on DVDs (DN 26). Defendants also submitted an acknowledgment by Plaintiff that he has successfully viewed the entirety of the handheld video footage without issue (DN 39-1). Thus, **IT IS ORDERED** that this motion (DN 25) is **DENIED as moot**.

However, because the submitted footage appears to be piecemeal (there are significant gaps in what has been submitted to the Court) and contains no time stamps, **IT IS FURTHER ORDERED** that, within **14 days** of this Order, **Defendants shall submit a sworn affidavit which states that the entirety of the relevant handheld footage, *i.e.*, everything the handheld videos**

**captured from the beginning to the end of the entire excessive-force incident, has been shown to Plaintiff and submitted to the Court and that it has not been altered in any way**.

### B. Motion for Copy of Video (DN 35)

Plaintiff filed this motion on the same date he filed the above motion. In it, he asks for copies of DVDs which don't "freeze." In their response, Defendant state that they provided new DVDs to plaintiff which do not freeze (DN 43) and note that Plaintiff acknowledged that he was able to view them in their entirety (DN 39-1). Thus, **IT IS ORDERED** that this motion (DN 35) is also **DENIED as moot**.

### C. Motion for Docket Sheet (DN 37)

This matter is before the Court upon a motion by Plaintiff for a copy of the docket sheet. **IT IS ORDERED** that this motion (DN 37) is **GRANTED**. The **Clerk of Court** is **DIRECTED** to send Plaintiff a copy of the docket sheet.

### D. Motion Regarding Video Evidence (DN 42)

In this motion, Defendants ask the Court to place all of the video evidence in this case, which includes four handheld videos and one surveillance video captured by a fixed institutional camera, under seal. They also request that Plaintiff not be allowed to view the surveillance video captured by a fixed institutional camera. The Court will address these arguments in turn.

#### 1. Motion to Seal Video Footage from Fixed Institutional Camera

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). Accordingly, "there is a strong presumption in favor of openness" regarding court records. *Shane Grp., Inc., v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1178 (6th

Cir. 1983)). "Only the most compelling reasons can justify non-disclosure of judicial records." *Id*. (citation omitted). And even when there is a compelling reason to seal certain documents, courts must "narrowly tailor[]" the seal to that purpose. *Id*. Accordingly, before a court can seal a record, the moving party must show "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp.*, 825 F.3d at 305).

As to video footage from fixed institutional cameras, in *Cooper v. Bower*, No. 5:15-CV-P249-TBR, 2017 U.S. Dist. LEXIS 122980 (W.D. Ky. Aug. 4, 2017), the court held as follows:

> Although the Kentucky Open Records Act, related state laws, and opinions of the Kentucky Attorney General interpreting such are not controlling in regard to whether judicial records should be placed under seal in this federal action, they do offer helpful insight. For example, the Kentucky Attorney General has opined that the release of prison surveillance footage to the public could pose a threat to "the safety and security of the inmates, staff, and institution" because the footage may reveal the institution's "methods or practices in obtaining the video" and "show areas where the camera is capable of focusing and blind spots outside the camera's range." *See, e.g., Ky. Att'y Gen. Op*. 07-ORD-168, 2007 Ky. AG LEXIS 329 (citing several previous opinions and denying a newspaper's open records request for prison surveillance video of a specific incident).

*Id*. at *2. Other courts have held that such footage may be properly placed under seal for security reasons. *See, e.g.*, *Castillon v. Corr. Corp. Am.*, No. 1:12-cv-00559-EJL-CWD, 2015 U.S. Dist. LEXIS 84998, at *6-7 (D.C. Idaho June 29, 2015); *Pugh v. Terhune*, No. CV F 01 5017 OWW LJO P, 2005 U.S. Dist. LEXIS 24593, at *3 (E.D. Cal. Oct. 6, 2005); *see also Est. of Miller v. Mich. Dep't of Corr.*, No. 22-10934, 2022 U.S. Dist. LEXIS 140560, at *2-6 (E.D. Mich. Aug. 8, 2022) (finding both a prison and public interest in sealing such video for above reasons and because doing so may decrease the likelihood of inmate escape and the introduction of contraband or weapons into prisons).

Thus, to the extent that Defendants request that the institutional video captured by a fixed institutional camera be placed under seal, **IT IS ORDERED** that this portion of the motion (DN 42) is **GRANTED**.

However, because the submitted footage appears to be piecemeal (it does show how the events contained in the video began or ended) and contains no time stamps, **IT IS FURTHER ORDERED** that, within **14 days** of this Order, **Defendants shall submit a sworn affidavit which states that the *entirety* of the relevant institutional video has been shown to Plaintiff and submitted to the Court and that it has not been altered in any way**.

### 2. Motion to Seal Handheld Camera Footage

Defendants do not apply the legal standard set forth in *Kondash* to their argument that the handheld camera footage should be sealed. They also fail to cite to any case which suggests that this type of footage should be sealed. Thus, **IT IS ORDERED** that the portion of the motion requesting that the Court seal the handheld camera footage (DN 42) is **DENIED without prejudice. Within 14 days of this Order, Defendants may file another motion to seal the handheld camera footage which applies the correct standard and cites to any case law which supports their position**. *See, e.g.*, *Howell v. Tran*, No. 15-cv-05377-SI, 2017 U.S. Dist. LEXIS 66187 (N.D. Cal. May 1, 2017). **If Defendants do not file such a motion within the allotted time, the Clerk of Court is DIRECTED to unseal the handheld camera footage**.

### 3. Plaintiff's Viewing of Surveillance Video from Fixed Institutional Camera

Finally, the Court turns to Defendants request that Plaintiff not be permitted to view the surveillance video captured by a fixed institutional camera. Defendants do not argue that this video is irrelevant to Plaintiff's claims. Moreover, they cite to no case law in support of their request and the Court can find none. *See Taylor v. Cunningham*, No. 3:22-cv-00296, 2023 U.S.

Dist. LEXIS 97191, *13 (M.D. Tenn. June 5, 2023) (granting motion to compel production of relevant surveillance video footage from a prison and requiring that the plaintiff be able to view the video but not possess it); *Carter v. Unknown Mandy*, No. 21-11568, 2022 U.S. Dist. LEXIS 203398, at *6 (E.D. Mich. Nov. 8, 2022) (granting in part *pro se* plaintiff's motion to compel production of prison surveillance video footage and addressing security concerns by ordering defendants to either make the video available to plaintiff for one-time viewing with the ability to take notes or provide plaintiff with still-shot photographs captured from the video recording).

The Court concurs with the reasoning set forth in these cases. **Thus, IT IS ORDERED** that this portion of Defendants' motion (DN 42) is **DENIED**. No later than **14 days** within entry of this Order, **Defendants shall make the *entire* surveillance video captured by the fixed institutional camera available for Plaintiff to view and submit a notification to the Court that this has occurred along with a statement from Plaintiff verifying that he has been able to view the *entire* video**.

Date: July 11, 2024

*[signature]*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Counsel of Record
4414.011