UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**JAMES B. ROLLINS**                                                                                    **PLAINTIFF**

v.                                           **CIVIL ACTION NO. 4:23-CV-P111-JHM**

**ZACHARY BROOKS** *et al.*                                                      **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court upon a motion and supplemental motion for summary judgment filed by Defendants Zachary Brooks and Travis Pountious (DNs 63 & 65) and a motion for trial and motion to produce video evidence filed by Plaintiff James B. Rollins (DNs 62 & 67).

**I.**

Plaintiff was formerly incarcerated at Green River Correctional Complex (GRCC). In the complaint, Plaintiff alleged that Defendants GRCC officers Zachary Brooks and Travis Pountious violated his constitutional rights during an incident that occurred at GRCC on January 3, 2023. Upon initial review of the complaint pursuant to 28 U.S.C. § 1915A, the Court allowed Eighth Amendment excessive-force claims to proceed against Defendants Brooks and Pountious (hereinafter "Defendants") in their individual capacities. Defendants filed a motion to dismiss on exhaustion grounds in lieu of an answer (DN 17), but the Court denied the motion because it relied upon matters outside of the pleadings (the three exhibits discussed below) and because Plaintiff had not had the opportunity to conduct any discovery (DN 20).

**II.**

Before the Court may grant a motion for summary judgment, it must find that there is "no genuine dispute as to any material fact" and that the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for

its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

Assuming the moving party satisfies its burden of production, the nonmovant "must—by deposition, answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Celotex*, 477 U.S. at 324). The non-moving party's evidence is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the Court must be drawn in favor of the party opposing summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The fact that a plaintiff is *pro se* does not lessen his or her obligations under Rule 56. "The liberal treatment of pro se pleadings does not require the lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 U.S. App. LEXIS 27051, at *6-7 (6th Cir. May 5, 2010) (citations omitted). The Sixth Circuit has made clear that, when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings and that a party's "status as a pro se litigant does not alter" its burden of showing a genuine issue for trial. *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010) (citation omitted).

**III.**

Defendants argue that they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act (PLRA).[1]

---

[1] Defendants also argue that they are entitled to summary judgment on the merits of Plaintiff's claims and because they are entitled to qualified immunity. The Court does not address these arguments because it finds herein that Defendants are entitled to summary judgment based on Plaintiff's failure to exhaust his administrative remedies.

2

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court, interpreting § 1997e, has expressly stated: "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence. *Id.* at 216.

The PLRA requires exhaustion of internal remedies for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532. "There is no uniform federal exhaustion standard." *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017) (citing *Jones*, 549 U.S. at 217-19). Instead, "[a] prisoner exhausts his remedies when he complies with the grievance procedures put forward by his correctional institution." *Id*.

**IV.**

In support of their exhaustion argument, Defendants rely upon the three exhibits they attached to their motion to dismiss (DN 17). These include Kentucky Corrections Policies and Procedure 14.6 (hereinafter "CPP 14.6") (DN 17-3); the affidavit of GRCC Grievance Coordinator Kenneth Spurling (DN 17-2); and the grievances Plaintiff filed at GRCC in December 2022 and January 2023 (DN 17-4).

It is CPP 14.6 which sets forth the four-step grievance procedure in effect at GRCC on January 3, 2023 (DN 17-3). The first step is "filing the grievance and informal resolution." CPP 14.6(II)(J)(1). This step requires that "[a] grievance about a personal and specific incident shall be filed within five (5) business days after the incident occurs." CPP 14.6(II)(J)(1)(a)(2). In his affidavit, GRCC Grievance Coordinator Kenneth Spurling avers that Plaintiff never filed a grievance complaining that

3

Defendant Brooks or Pountious used excessive force against him. *See* DN 17-2. He also states that the five grievances attached to Defendants' motion represent all of the grievances Plaintiff filed at GRCC between December 2022 and January 2023. *Id*.

In his response, Plaintiff states, "Review Plaintiff's objection to defendants motion to dismiss . . . . Defendants claim Plaintiff failed to exhaust administrative remedies, review grievances that Plaintiff filed about tampered mail. . . . " (DN 68, PageID #:369).[2] In the "Objection" which Plaintiff filed in response to Defendants' motion to dismiss, he made the following argument:

> Plaintiff exusted all remedies by filing a grievance on Jan 7 about the Jan 3 incident, which A2's walk camera will verify this to be true. Plaintiff also spoke to Warden Lane who stated he would look at the excessive part of it . . . . Plaintiff's legal mail & institutional mail continued to be tampered with & review of my grievances will verify I filed a grievance on the mail. Major Mesden admitted to me in a conversation that he took a grievance out of the Grievance Coordinator mailbox, so it would be appropriate to have Major Mesden to testify under oath.

(DN 22, Page ID #:183). As explained above, the Court denied Defendants' motion to dismiss on exhaustion grounds, in part, because Plaintiff had not had the opportunity to conduct discovery. However, discovery in this case is now closed, and Plaintiff has produced no evidence in support of the arguments he made in his objection to the motion to dismiss. First, none of Plaintiff's statements in the unsworn objection carry any evidentiary weight. *See Evans v. Vinson*, 427 F. App'x 437, 442 (6th Cir. 2011) (holding that *pro se* plaintiff's unsworn response in opposition to motion for summary judgment did not constitute evidence that could be considered in resolving motion). Moreover, although Defendants have submitted two grievances filed by Plaintiff prior to the January 3, 2023, incident in which Plaintiff asserts that a grievance he filed had been "toss[ed] . . .out," *see* DN 17-4, Page ID #:145, and that a GRCC official took a grievance from his cell, *see id.*, Page ID #:151, Plaintiff does not present any evidence that he actually filed a grievance on January 7, 2023, pertaining to the excessive-force incident or that this purported grievance was tampered with. And, finally, although

---

[2] Plaintiff also filed a response to Defendants' supplemental motion for summary judgment (DN 69), but the arguments therein go to Defendants' arguments regarding the merits of Plaintiff's claims.

4

Plaintiff did file a motion for Defendants to produce video footage from "Jan 3 of A1 Walk and RHU Hallway" in response to Defendants' motion for summary judgment (DN 67), it is clear from Plaintiff's description of the footage that it would go to the merits of Plaintiff's excessive-force claims and not to whether he filed a grievance.

Thus, because the undisputed evidence shows that Plaintiff did not file a grievance regarding his excessive-force claims against Defendants, the Court concludes that Defendants have demonstrated Plaintiff's failure to properly exhaust his remedies and are entitled to judgment as a matter of law.

V.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' motion and supplemental motion for summary judgment (DNs 63 & 65) are **GRANTED** and that Plaintiff's motion for trial and motion for video footage (DNs 62 & 67) are **DENIED as moot**.

Date: October 25, 2024

*Joseph H. McKinley Jr., Senior Judge*
United States District Court

cc: Plaintiff, *pro se*
 Counsel of record
4414.011